UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

KEVIN L. MARTIN,                          )
                                          )
                    Plaintiff,            )
                                          )
          v.                              )     No. 2:19-cv-00134-JRS-DLP
                                          )
CHARLES DUGAN, et al.                     )
                                          )
                    Defendants.           )

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Kevin L. Martin alleges that defendants caseworker Charles Dugan and mailroom

worker Makenzy Gilbert, employees of the Indiana Department of Correction, interfered with his

access to the courts when they purposely failed to mail his legal document to the Indiana Court of

Appeals on April 11, 2018, and that his criminal appeal was dismissed as a result. He also alleges

that defendant Dugan took this action in retaliation for Mr. Martin filing a lawsuit against him. Before

the Court is the defendants' motion for summary judgment, dkt. 135. Mr. Martin, a restricted filer,

has not opposed the motion. For the reasons explained in this Order, the Court grants the

defendants' motion for summary judgment.

**I.
Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute

as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R.

Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the

non-moving party must set forth specific, admissible evidence showing that there is a material

issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them.  *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The consequence of Mr. Martin's failure to respond is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1(b) ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

**II.**
**Factual Background**

Mr. Martin's amended complaint alleges that on April 11, 2018, he gave legal documents to defendant Dugan for mailing to the Indiana Court of Appeals. Dkt. 72 at 4. The following facts, unopposed by Mr. Martin and supported by admissible evidence, are accepted as true. The Court takes judicial notice of the docket in Indiana Court of Appeals case number 71A05-1712-PC-02989.[1] *Tobey v. Chibucos*, 890 F.3d 634, 647–48 (7th Cir. 2018) (quoting *Daniel v. Cook Cty*, 833 F.3d 728, 742 (7th Cir. 2016)) (courts may take judicial notice of public records and the contents of filings in other courts "if the fact is not subject to reasonable dispute").

The Indiana Court of Appeals docket in Mr. Martin's state post-conviction appeal reflects that his facility mailed numerous filings to the Indiana Court of Appeals in early 2018 including several appellant briefs which were rejected by the court as defective. The last rejected brief was postmarked March 20, 2018. The Indiana Court of Appeals then granted Mr. Martin a final extension through April 13, 2018, in which to file a defect-free appellant brief and appendix.

Mr. Martin mailed a "Motion for New Trial Base [sic] on the Newly Discovered Evidence" postmarked on April 10, 2018, and received by the Indiana Court of Appeals on April 12, 2018. Mr. Martin mailed a "Motion Request to Exhaustion [sic] Martin State Appeal and Take Martin [sic] Remedies to the Federal Court" on April 11, 2018. The Court of Appeals received this document on April 13, 2018.

A docket entry from May 1, 2018, confirms that Mr. Martin's case was dismissed due to his failure to file a defect-free brief by April 13, 2018. There is no evidence that Mr. Martin ever

---

[1] The state court docket is available online at
https://publicaccess.courts.in.gov/docket/Search/Detail?casenumber=sN0gg0Fb1Nuw8CMMNVW-EGU9DxNIa5cy8p2EK8w5KLo9CGTgrPe3RPZzE_83Yy8g0 (last visited January 13, 2021), and in the record of this case at docket 135-4.

submitted another Appellant's brief and appendix after the Court denied his fourth defective appellant's brief on March 20, 2018.

Mr. Dugan recalls Mr. Martin handing him documents on or about April 10, 2020. Mr. Dugan took the documents to the mailroom for mailing. Dkt. 135-1.  On May 10, 2018, Mr. Martin submitted a "request for interview" to Mr.  Dugan and asked whether Mr. Dugan had submitted Mr. Martin's materials to be mailed. Mr. Dugan informed Mr. Martin that he had transported Mr. Martin's documents to the mailroom. Dkt. 135-2. Defendant Gilbert does not explicitly recall mailing Mr. Martin's documents, but she has never interfered with an inmate's outgoing mail. Dkt. 135-3.

### III. Discussion

#### A.  Access to Courts Claim

Mr. Martin has alleged that the defendants interfered with his post-conviction appeal by failing to mail his legal documents to the Indiana Court of Appeals on April 11, 2018. "Prisoners have a fundamental right of access to the courts," and prison staff "may not impinge on a prisoner's efforts to pursue a legal claim attacking . . . his criminal judgment."  *In re Maxy*, 674 F.3d 658, 660 (7th Cir. 2012). The undisputed evidence in this case shows that defendant Dugan delivered to the mailroom the document that Mr. Martin gave him for mailing and that the Indiana Court of Appeals received it. However, it was not a defect-free appellant brief and therefore, Mr. Martin's appeal was later dismissed. There is no evidence that either defendant failed to mail any of

Mr. Martin's legal filings to the Indiana Court of Appeals. Therefore, the defendants are entitled to summary judgment on this claim.

**B.  Retaliation Claim**

To state a First Amendment claim for retaliation, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). Mr. Martin's amended complaint alleged that he filed two lawsuits against defendant Dugan in Sullivan County, Indiana. Dkt. 72 at 5. The filing of a lawsuit is activity protected by the First Amendment. However, the evidence shows that defendant Dugan did not interfere with Mr. Martin's mail. As there is no evidence that defendant Dugan took any adverse action against Mr. Martin, Mr. Martin's retaliation claim against him necessarily fails and defendant Dugan is entitled to summary judgment.

### IV.    Conclusion

The defendants' motion for summary judgment, dkt. [135], is **granted**. Judgment consistent with this Order, and the Court's Screening Order, dkt. [70], shall now issue.

**IT IS SO ORDERED.**

Date: 1/14/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KEVIN L. MARTIN
169789
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Brandon Alan Skates
INDIANA ATTORNEY GENERAL
brandon.skates@atg.in.gov